UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VERN ELMER, | Case No. 2:22-cv-01584-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| JP MORGAN CHASE BANK, NA *et al.*, | |
| Defendants. | |

Before the Court is Defendant JPMorgan Chase Bank, NA ("Chase")'s Motion to Dismiss the Complaint. ECF No. 15. For the reasons stated below, the motion is granted.

**I.   PROCEEDURAL HISTORY**

On September 20, 2022, this matter was removed from the Nevada Eighth Judicial District Court to this Court by Defendant Chase. ECF No. 1. On September 20, 2022, Defendant National Default Servicing Corp. ("NDSC") consented to removal. ECF No. 6.

On December 13, 2022, Chase filed the instant Motion to Dismiss the Complaint. ECF No. 15. On the same day, NDSC joined the instant motion. ECF No. 16. Plaintiff Vern Elmer Responded. ECF No. 23. On February 7, 2023, Chase filed a Reply to which NDSC joined. ECF Nos. 25, 27. On the same day, Dean Meyer filed a Declaration on behalf of the Federal Home Loan Mortgage Corporation ("Freddie Mac") supporting the instant motion. ECF No. 26.

**II.   FACTUAL ALLEGATIONS**

This matter concerns a property located at 7741 Sour Gum Court, Las Vegas, NV 89131, Parcel No. 125-16-513-001 ("the property"). The Elkhorn Community Association ("HOA") had

a lien on the property. Subsequently, on April 17, 2006, a Deed of Trust ("DOT") was recorded against the property to secure a loan. The DOT lists Daniel Malavenda as the borrower. Malavenda filed a voluntary petition for bankruptcy on March 17, 2008, and obtained a discharge petition on July 2, 2008. On July 6, 2012, Malavenda failed to pay his monthly periodic assessments to the HOA and the HOA's agent non-judicially foreclosed on the property. Plaintiff Elmer acquired the property at the July 6, 2012, foreclosure sale, and on July 17, 2012, the foreclosure deed was recorded in Elmer's favor. On September 21, 2022, Chase attempted to foreclose on the property.

### III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

///

## IV. DISCUSSION

Plaintiff Elmer brings a single claim for quiet title or declaratory relief. See NRS § 40.010. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" Chapman v. Deutsche Bank Nat'l Trust Co., 129 Nev. 314, 318-19 (2013) (quoting Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir.1992)). "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself . . . . [T]here is a presumption in favor of the record titleholder." Breliant v. Preferred 27 Equities Corp., 112 Nev. 663, 670-71 (1996). Elmer claims he holds title to the property clear of Defendant Chase's encumbrance. Specifically, Elmer argues that the DOT was extinguished under Nevada's ancient liens statute or, in the alternative, that Chase's foreclosure is time-barred. The Court addresses each in turn.

### A. Nevada's Ancient Lien Statute

The Court first addresses whether Chase's lien was discharged as an ancient lien. Nevada Revised Statute 106.240, the "ancient lien" statute, provides in full:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

NRS § 106.240. Simply put, the statute "provides a means by which liens on real property are automatically cleared from the public records after a certain period of time." SFR Invs. Pool 1, LLC v. U.S. Bank N.A., 507 P.3d 194, 195 (Nev. 2022). That period is ten years from when the unpaid debt secured by the lien has become "wholly due." Id.

There is no dispute that the borrower, Malavenda, filed a petition for bankruptcy on March 17, 2008, and obtained a discharge petition on July 2, 2008. Elmer argues that, either by the bankruptcy petition or the granted discharge petition, that the loan held by Malavenda was accelerated. This acceleration, according to Elmer, rendered the loan "wholly due" by July 2008, meaning the ancient lien statute terminated the DOT by July 2018—well before Chase began

proceedings to foreclose on the property.

At the time of filing, Elmer correctly identified that "The Supreme Court of Nevada has not directly addressed what the statute means by the debt becoming 'wholly due.'" However, subsequent to Plaintiff's filing, the Nevada Supreme Court in a published opinion settled the matter of when an acceleration of debt renders a loan secured by real property "wholly due" for purposes of the ancient lien statute. LV Debt Collect, LLC v. Bank of N.Y. Mellon ("LVDC"), No. 84174534 P.3d 693, 2023 Nev. LEXIS 23 (Nev. August 24, 2023). To render a DOT "wholly due" the acceleration "must 'be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention.'" Id. at *13 (quoting Clayton v. Gardener, 107 Nev. 468, 470 (1991)). In LVDC, a notice of default was found to not render a loan "wholly due" because, while all sums became immediately due and payable on default, "any and all" of the following applied: (1) the borrower could cure the default by payment, (2) a notice of default is not listed in the ancient lien statute as a document that can be considered, and (3) acceleration can only occur if its language is clear and unequivocal. Id. at *14. Under plain language of the ancient lien statute only two forms of documents can determine when a loan becomes "wholly due" for purposes of triggering the ten-year ancient lien clock: (1) the terms of the mortgage or deed of trust or (2) a recorded written extension of either. Id. at *8. "[W]hen there is no recorded extension of the due date, the terms of the mortgage or deed of trust dictate when the debt becomes wholly due." Id.

Turning to the two forms of relevant documents, first, Elmer has identified no relevant term in the DOT. The Court takes judicial notice of the DOT. Fed. R. Evid. 201(b), (d); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record); see ECF No. 15-2. On a review, the Court has identified no term that bears on when the mortgage becomes "wholly due," much less one triggered by bankruptcy proceedings. Second, Plaintiff has identified no relevant term in a recorded extension of either. The Court takes judicial notice of the affirmation agreement. See ECF No. 15-6. On a review of the agreement, even if it could be construed as an extension, the Court has identified no term that bears on when the mortgage becomes "wholly due." Taken together, under the terms of the ancient lien statute, the DOT never became "wholly due." See also W. Coast Servicing v. Kassler, No. 84122, 2023

- 4 -

Nev. Unpub. LEXIS 422 (Nev. June 16, 2023) (unpublished) (similarly rejecting bankruptcy as rendering a deed of trust "wholly due").Taken together, the Court finds that, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party," Plaintiff Elmer has failed to plead sufficient facts to establish a claim for quiet title through the ancient lien statute. Faulkner, 706 F.3d at 1019.

### B. Statute of Limitations

The Court next addresses Elmer's claim that the DOT was "extinguished by virtue of the HOA's foreclosure sale in 2012." Elmer argues that, under the federal foreclosure bar, any challenge by Chase regarding the validity of the foreclosure's extinguishing the DOT must have been brought within six years, by July 2016. Defendant argues that no statute of limitations applies because Chase asserts the federal foreclosure bar as a defense against Plaintiff's claim.

The Court finds that, on the record before it, Plaintiff has pleaded insufficient facts to establish that the DOT was extinguished. Beyond the argument under the ancient lien statute, the Complaint only contains unsupported conclusions of law regarding the extinguishment of the deed and, therefore, any issues regarding statutes of limitations are inapposite and need not be addressed here. See Iqbal, 556 U.S. at 678 (stating that to survive a motion to dismiss, a complaint must do more than assert "labels and conclusions"); Moss, 572 F.3d at 696 (stating a plaintiff must allege non-conclusory facts).

Moreover, as the Court has found that the DOT was never extinguished in this case, there would be no applicable statute of limitations as the DOT continued to encumber the property. Thus, the Court need not address the issue of the federal foreclosure bar.

///

///

///

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**. Defendant JPMorgan Chase Bank and Defendant National Default Servicing Corporation are dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

DATED: September 29, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**